**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRIAN R. LEWIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-1274-SMY** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Brian R. Lewis' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Motion is **DENIED**.

### Factual and Procedural Background

On July 17, 2013, a federal grand jury indicted Lewis on charges of conspiracy in violation of 18 U.S.C. §§ 371 and 2 (Count 1), theft of an interstate shipment in violation of 18 U.S.C. §§ 659 and 2 (Counts 2, 7, 9, and 10), and possession of stolen goods in violation of 18 U.S.C. §§ 2315 and 2 (Counts 3, 4, 5, 6, and 8). *See United States v. Lewis*, 17-cr-30200, Doc. 1. Lewis entered into a written plea agreement with the Government and pleaded guilty on December 30, 2013 (Docs. 369, 489).

In the plea agreement, the Government agreed to dismiss Count 7 at sentencing. The parties anticipated a Guidelines offense level of 23, criminal history category III, and resulting Guidelines sentencing range of 57-71 months imprisonment (Doc. 371). The plea agreement also contained the following appeal waiver:

> [I]n exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence (Doc. 371, pp. 8-9).

The Court reviewed the plea agreement with Lewis while he was under oath (*see* Doc. 489). Lewis acknowledged in open court he had read the agreement, discussed it with counsel, understood it, and agreed to be bound by its terms. *Id*. at pp. 18-26. He confirmed that he understood he was waiving most of his appellate rights under the plea agreement. *Id.* at pp. 18, 22-24.

On May 2, 2014, Lewis was sentenced in this Court to 71 months imprisonment, consisting of 60 months on Count 1 and 71 months on the remaining counts, all sentences to run concurrently, 3 years of supervised release on each count, restitution in the amount of $362,504.05, and a $900 special assessment (Doc. 470).[1] He filed a direct appeal challenging the Court's imposition of certain conditions of supervised release (*see United States v. Lewis*, Case No. 14-2075, at Doc. 16).

Because the same or similar arguments regarding conditions of supervised release were before the United States Court of Appeals for the Seventh Circuit in numerous pending cases, the Government moved to stay briefing pending the appellate court's decision in one or more of those cases. *United States v. Lewis*, Case No. 14-2075, Doc. 21. On January 13, 2015, the Seventh Circuit issued its decision in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015) and held that district courts must consider the sentencing factors set forth in 18 U.S.C. § 3583(d) and 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D) in imposing conditions of supervised release and state its reasons for selecting particular conditions; the failure to do so may be reversible error. Although the Seventh Circuit found no error in the terms of imprisonment imposed by the district courts in the consolidated cases

---

[1] Lewis' objections to the PSR Guidelines calculations were withdrawn at the sentencing hearing. *See* Doc. 439, at p. 7

considered in *Thompson*, it vacated the sentences in those cases and remanded for full resentencing. Consistent with *Thompson*, Lewis' case was remanded for resentencing (Doc. 531).

The Court resentenced Lewis on September 9, 2016 to the same term of imprisonment, supervised release, restitution, and special assessment as in his original sentence (Docs. 628, 643). Lewis appealed, but subsequently dismissed his appeal following appellate counsel's request to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* Doc. 668.

In his § 2255 motion currently before the Court, Lewis challenges the calculation of his offense level and asserts that his sentence exceeded the "maximum by law because of improperly assigned prior convictions." Lewis also maintains that he was wrongly convicted and that his due process rights were violated by the Court "seizing money not part of the crime."

**Standard of Review**

An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. Relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). Section 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

The district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, this Court concludes that the issues in this case can be resolved on the existing record and an evidentiary hearing is not necessary.

**Discussion**

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th

Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced except in cases in which (1) the plea agreement was involuntary; (2) the district court relied on a constitutionally impermissible factor (such as race); (3) the sentence exceeded the statutory maximum; or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Keller*, 657 F.3d at 681; *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). Both statutory and constitutional rights can be waived in a plea agreement. *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997).

Here, the record establishes that Lewis knowingly and voluntarily entered into the plea agreement and waived the right to appeal his sentence. After finding Lewis competent to enter a plea of guilty, the Court cautioned and examined Lewis under oath pursuant to Rule 11. Lewis clearly and unequivocally stated that he understood the terms of the plea agreement, that he discussed these terms with his counsel, and that he was satisfied with his counsel's assistance. He specifically acknowledged that he understood and assented to the terms of his waiver of the right to a direct appeal or to filing of a § 2255 motion. He does not claim that a waiver exception applies and there is no evidence supporting such a finding. Thus, Lewis has waived his right to collaterally attack his sentence.

Even if Lewis had not voluntarily waived his right collateral review, his arguments related to the calculation of his offense level and sentencing range are procedurally defaulted because he did not raise these claims on direct appeal. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). The only challenge Lewis made on direct appeal related to the conditions of his supervised release.

For the foregoing reasons, Lewis' Petition is **DENIED** and this action is **DISMISSED with prejudice**. All pending motions are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability.  *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003).  A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right.  *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014).  Under this standard, Ewing must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

For the foregoing reasons, this Court has determined that Lewis has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Lewis has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED:  October 26, 2020**

**STACI M. YANDLE**
**United States District Judge**